# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BEAU DERISE | CIVIL ACTION NO. 5:22-cv-914 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COMPASS HEALTH CORP | MAG. JUDGE MARK L. HORNSBY |

## **JUDGMENT**

On March 25, 2022, a Complaint and Motion for Leave to Proceed *In Forma Paupiers* were filed by pro se Plaintiff ("Plaintiff") Beau Derise against Defendant ("Defendant") Compass Health Corporation. (Doc. Nos. 1 and 2) In this lawsuit, Plaintiff complains of broadcasting equipment used in hospitals. He seeks ownership of the hospital and to bankrupt the Defendant corporation.

Plaintiff is no stranger to this court having filed over 50 lawsuits since 2019 including the current suit. Most of these suits have been dismissed for being frivolous, for lack of jurisdiction, or for failure to comply with orders. On April 8, 2021, Plaintiff was given the opportunity to go before this Court in a hearing to clarify claims he made in 30 cases, but he failed to appear for the hearing. The suits were then dismissed for lack of subject matter jurisdiction and because the complaints failed to state any plausible, nonfrivolous claims on which relief could be granted. Plaintiff was warned in the Judgments entered in those cases that the filing of any additional frivolous lawsuits would result in his being ordered to show cause why he should not be placed on the sanctioned/barred litigants for this district.1 On December 27, 2021, Plaintiff was ordered to show cause at a hearing

---

1 6:19-CV-635; 6:19-cv-1289; 6:21-CV-00069; 6:21-cv-00070; 6:21-cv-00072; 6:21-cv-

1

before this Court as to why he should not be placed on the list of sanctioned/barred litigants for the district. See *Derise v. District Court,* Case No. 6:21-cv-3669, Doc. No. 6. Once again, Plaintiff failed to appear at the hearing. On January 3, 2022, this Court placed Plaintiff on the list of sanctioned/barred litigants. *Derise v. District Court,* Case No. 6:21-cv-3669, Doc. No. 9. In that case, this Court ordered that "the Clerk of Court place Mr. Derise on the list of sanctioned/barred litigants for this district, and that the Clerk of Court decline to accept and file any civil complaint submitted, transferred or removed by Mr. Beau Derise unless the complaint has been presented first to the chief judge and the chief judge has specifically authorized in writing that the complaint may be filed, transferred or removed." The Court also ordered that any motion to proceed *in forma pauperis* that accompanied such a complaint should be directed to the Chief Judge for action. The Court reasoned that these measures taken would protect the judiciary and the public "without unduly burdening Plaintiff's ability to access the court if he has a good faith complaint." See 6:21-cv-3669, Doc. No. 9.

Plaintiff is a *pro se* litigant in this case and in all his cases. The pleadings of pro se litigants are held to a less stringent standard than those pleadings drafted by attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, pro se plaintiffs are required to plead factual allegations that raise the right to relief above a speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless

---

00198; 6:21-cv-00249; 6:21-cv-00251; 6:21-cv-00365; 6:21-cv-00367; 6:21-cv-00368; 6:21-cv-00369; 6:21-cv-00371; 6:21-cv-00374; 6:21-cv-00396; 6:21-cv-00397; 6:21-cv-00433; 6:21-cv-00434; 6:21-cv-00437; 6:21-cv-00448; 6:21-cv-00457; 6:21-cv-00781; 6:21-cv-00796; 6:21-cv-00801; 6:21-cv-00803; 6:21-cv-00806; 6:21-cv-0080; 6:21-cv-00819; 6:21-cv-00902; 6:21-cv-00908.

2

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). District Courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis. Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986). A complaint is found to be frivolous if it "lacks an arguable basis in either law or fact." *Brewster v. Dretke*, 587 F.3d 764, 767(5th Cir. 2009). Factually frivolous claims are those that are clearly baseless, fanciful, fantastic, delusional, irrational or wholly incredible. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995)*; Hicks v. Garner,* 69 F.3d 22, 25 (5th Cir. 1995).

In his Complaint, which is difficult to decipher, Plaintiff contends that conversations were broadcast in every hospital by a man named Thad Efferson of Allstate "who tried to ruin my life and kill me." This suit is just one of many other suits in which Plaintiff brought similar allegations concerning audio broadcasts in vehicles and in other locations. These prior suits were dismissed for being frivolous and for failing to follow the court's orders among other reasons. (See *Derise v. Museo Ferrari Maranello*, 5:22-cv-381 and *Derise v. John M. Shaw Courthouse*, 5:22-cv-379) In each suit, including this one, Plaintiff fails to provide facts to show how each defendant is responsible for his allegations. Plaintiff's claims in this suit appear to be fanciful, delusional and therefore frivolous.

This Court determined in Judgments filed in Plaintiff's numerous prior cases that having Plaintiff amend his complaint would be futile. (See Case No. 6:21-cv-3669, Doc. No. 5, Report and Recommendation) This Court is still of the opinion that allowing Plaintiff to amend his complaint is futile. Plaintiff has filed over 50 lawsuits as of this date with many having the same claims of the use of broadcasting equipment in various locations

and terrorism. Most of these suits (except the ones currently pending) have been dismissed. Plaintiff has been given plenty of opportunities to clarify his claims in these suits and in two hearings set before the court in which he failed to appear at either. This Court once again finds that Plaintiff's Complaint is frivolous and must be dismissed for failure to state a claim in which relief can be granted. In addition, Plaintiff's complaint must be dismissed for failure to follow the Court's Order to seek permission from the Chief Judge before filing a Complaint and Motion to Proceed *In Forma Pauperis*. (See Case Nos. 6:21-cv-3669 and 5:22-cv-381.)

Plaintiff was warned in prior suits that if he continued to file frivolous complaints that the Court could impose monetary sanctions. Plaintiff has not heeded this Court's warning and once again he has filed a complaint that has been found to be frivolous.

**ACCORDINGLY**,

**IT IS ORDERED** that the Complaint (Doc. No. 1) filed on March 25, 2022, by Plaintiff be and is hereby **STRICKEN** from the record and this case **CLOSED**.

**IT IS ALSO ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) filed by Plaintiff on March 25, 2022, be and is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court decline to accept and file any civil complaints submitted, transferred or removed by Plaintiff unless the complaint has been first presented to the Chief Judge and the Chief Judge has specifically authorized in writing that the complaint may be filed, transferred or removed.

**IT IS ALSO ORDERED** that Plaintiff pay a sanction fee in the amount of $250.00 (two hundred fifty dollars) to the Clerk of Court. The Clerk of Court is directed not to accept any new suits from Plaintiff until the sanction is paid in full.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of May, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT